# In the United States Court of Federal Claims

No. 19-1210C
(Filed August 29, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * *
                               *
                               *
ADAM STELTZ,                   *
                               *
                  Plaintiff,   *
                               *
      v.                       *
                               *
THE UNITED STATES,             *
                               *
                  Defendant.   *
                               *
* * * * * * * * * * * * * * * *
```

### ORDER

This case was filed *pro se* on August 14, 2019, by Adam Steltz.† Plaintiff is a prisoner in the custody of the state of Oregon, currently a serving a sentence for multiple counts of sexual assault. Compl. at 3–5. Mister Steltz challenges his conviction, claiming that his guilty plea was improperly extracted by physical abuse. Compl. at 1–2. Plaintiff claims that he reported this misconduct to the United States Department of Justice, but no action was taken. *Id.* at 5. He claims that these actions by state officials, coupled with the inaction of the United States,

---

† Plaintiff also filed an application to proceed in forma pauperis in this case. That application is **GRANTED**. Notwithstanding the waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. 28 U.S.C. § 1915(b), Thus, Mr. Steltz shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. *Id.* § 1915(b)(1). Thereafter, Mr. Steltz shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. *Id.* § 1915(b)(2). The agency having custody of Mr. Steltz shall forward payments from his account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. *Id.*

violate the United States Constitution --- in particular the Fourteenth Amendment, which he construes as a contract between the government and all people. Compl. at 1, 5–6.

The allegations in the complaint do not support jurisdiction in this court. Under the Tucker Act, 28 U.S.C. § 1491, this court's jurisdiction is limited to certain actions against the United States seeking money damages which do not sound in tort. The court has jurisdiction over constitutional claims in limited contexts, namely claims based on constitutional provisions that mandate the payment of money for their violation --- such as the Takings Clause of the Fifth Amendment. *Preseault v. I.C.C.*, 494 U.S. 1, 12, (1990). Mister Steltz does not, and could not given the allegations in the complaint, rely on the Fifth Amendment's Takings Clause, but instead relies on the Due Process and Equal Protection clauses of the Fourteenth Amendment.

That amendment, however, is not money-mandating. *See Scott v. United States*, No. 19-97C, 2019 WL 318452, at *1 (Fed. Cl. Jan. 23, 2019) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). Additionally, that amendment applies to the states, not the federal government. *See San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987). To the extent plaintiff is basing his claim on the actions of state and local officials, such a claim is not against the federal government and is thus beyond our jurisdiction. *See Anderson v. United* States, 117 Fed. Cl. 330, 331 (Fed. Cl. 2014); *see also Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014). Moreover, we lack jurisdiction over criminal law claims. *Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016). And to the extent that plaintiff bases his claim on the federal government's failure to investigate his allegations, that is a claim of negligence which sounds in tort and is thus outside our jurisdiction. *See Pollack v. United States*, No. 11-19 C, 2011 WL 5330313, at *3, 5 (Fed. Cl. Nov. 7, 2011), *aff'd*, 498 F. App'x 19 (Fed. Cir. 2012). Finally, the constitution is not a contract with the United States, the breach of which can be heard under our contract jurisdiction. *See Asmussen v. United States*, No. 14–825C, 2015 WL 351611, at *2 (Fed. Cl. Jan. 25, 2015) (holding that the Constitution cannot "be considered an express or implied-in-fact contract concerning which a breach action may be maintained in our court"); *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) (noting that the Constitution cannot be a valid contract between a private citizen and the United States).

As explained above, even if everything Mr. Steltz alleges is true, our court has not been empowered by Congress to hear his matter. Accordingly, the complaint is **DISMISSED** for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. The Clerk shall close the case.

- 3 -

IT IS SO ORDERED.

                                                 _____
                                                 VICTOR J. WOLSKI
                                                 Senior Judge